LORE *et al. v.* SMITH.

(Division A. March 30, 1931. Suggestion of Error overruled May 18, 1931.)

[133 So. 214. No. 29227.]

**H. F. Jones**, of Belzoni, for appellants.

580

H. M. McIntosh, of Collins, for appellee.

W. D. Womack, of Belzoni, for appellee.

J. Morgan Stevens, of Jackson, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

The appellee sued the appellants in the court below for the value of cotton purchased by them, on which she claims a lien. She also sued the appellants in the circuit court, in replevin, for the recovery of several bales of cotton purchased by them on which she claims the same lien. This suit was removed to the court below, and there consolidated and tried with the original suit filed therein. There was a decree for the appellee. The cotton was grown by Holmes who had given a deed of trust on crops to be grown by him, to the appellee, to secure the payment of a promissory note for two thousand dollars executed by him to the appellee. A printed form was used for this deed of trust, in which there were blanks to be filled when the deed of trust should be executed. All of these blanks except such as appear in the clause providing for future advances were filled. After reciting the execution of the note of two thousand dollars, the deed of trust proceeds as follows: "And, whereas said part——of the first part expects said—— to advance—— money and sell supplies and merchandise during the year 192—, at such prices as may be agreed upon at the time of delivery or the usual customary credit price in the —— of ——, Miss. and whereas, said parties of the first have agreed to secure the payment of said indebtedness, as also any further amounts that may be advanced as aforesaid and not mentioned herein." It then conveys the crops to be grown by Holmes on certain land to a trustee, with power to sell and apply the proceeds thereof to "pay what may be due said Mrs. S. A. Smith for money advanced and supplies sold and delivered to us as aforesaid." This deed of trust was executed on the 12th day of April, 1928, but was not recorded until October 5th thereafter.

Holmes sold part of the cotton raised on the land, described in the deed of trust, prior to October 5th, and

thereafter sold the cotton here in controversy to the appellants. The note secured by the deed of trust has been paid, and the debt alleged by the appellee to be due her by Holmes and secured by the deed of trust is for additional advances made by her to Holmes during the year 1928.

Several questions are presented by the record, but one lying at the threshold of the case is whether the deed of trust covers advances made by the appellee to Holmes in addition to such as are evidenced by the two thousand dollar note.

The omission to fill in the blanks in the future advances clause of the deed of trust indicates an intention that that clause should not become operative, unless an agreement can be implied therefrom that the grantee or cestui que trust should fill the blanks in accordance with the intention of the parties. We are not called on to decide whether such an implication here arises, for the grantee or cestui trust did not attempt to assert such a right, but recorded the deed of trust without filling the blanks. "A writing is incomplete as an agreement where blanks as to essential matters are left in it, unless they can be supplied from other parts of the writing itself," 13 C. J. 308, or unless and until such blanks are lawfully filled, Williams v. Crutcher, 5 How. 71, 35 Am. Dec. 422.

The decree of the court will be reversed, and both causes will be dismissed.

Reversed and dismissed.